## COMMONWEALTH *vs.* ROBERT CORCIONE.

Norfolk.   May 7, 1974. — August 5, 1974.

Present: TAURO, C.J., REARDON, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Accessory.*

Even though there was evidence that a defendant, an inmate of a correctional institution charged with being an accessory after the fact under G. L. c. 274, § 4, blocked the doorway of a cell against a correctional officer while an inmate in the cell removed fingerprints from a knife used in a stabbing, the defendant was entitled to judgment in his favor in the absence of evidence that he knew a felony had been committed with the knife or knew the identity of the felon. [140-141]

INDICTMENT found and returned in the Superior Court on January 8, 1973.

The case was tried before *Spring, J.*

*Richard Shapiro* for the defendant.

*Robert B. Russell,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, J.   This case is before us on the defendant's bill of exceptions challenging his conviction as an accessory after the fact to an assault with intent to murder. G. L. c. 274, § 4. We reverse the conviction on the reasoning of *Commonwealth* v. *Devlin, ante,* 132, 135-138 (1974), which arose out of the same incident and was tried together with

the present case. The allegations of the indictment here were identical to those in the *Devlin* case. We state only those additional facts necessary to distinguish this case.

Officer Gratton testified that as he approached cell No. 3, the defendant here blocked his entrance. Gratton testified further that he ordered the defendant to move but that he refused to move out of the doorway.

The defendant testified that he was outside the cell block when the incident began and followed several correctional officers into the block. Once inside, he proceeded to the first occupied cell inside the doorway, which was cell No. 3, occupied by Roy McCallum. He questioned McCallum about what was going on. After a few minutes he noticed large groups of people, both inmates and guards, rushing toward cell No. 3. At this point McCallum became very excited and yelled that he did not want any of them in his cell and that someone should get Richie (the defendant in *Commonwealth* v. *Devlin, ante,* at 132, who was the block representative). The defendant remained at the door and argued with Gratton to let an inmate enter first. The defendant testified that Gratton made no effort during this time to get around him and that when Devlin came to the door both the defendant and Gratton stepped aside to let him enter the cell. The defendant also testified that he could not see what was going on in the cell but that later he saw Devlin leave the cell and hand Gratton a T-shirt. McCallum corroborated the defendant's version of the story except that he testified that he did not see the defendant block Gratton's entrance nor did he overhear their conversation.

The sole additional issue beyond those raised in *Commonwealth* v. *Devlin, supra,* is whether this defendant's conduct could be sufficient to support a conviction as an accessory. It is even doubtful whether an inference is warranted that the defendant knew that a knife was involved in the incident. As we reverse on other grounds, we need not decide the issue.

As in the *Devlin* case, *supra,* the Commonwealth has not

shown that the defendant knew that a felony had been committed, or the identity of the felon.

The defendant's exceptions are sustained and judgment is to be entered for the defendant.

*So ordered.*